# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| **AUDREY FOLGER,** | **CIVIL ACTION NO. 5:17-223- KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** **ACTING COMMISSIONER OF SSA,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

The plaintiff Audrey Folger brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Supplemental Security Income Benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Folger's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Folger had not engaged in substantial gainful activity since July 22, 2013. (Administrative Record ("AR") at 15.)

At step two, the ALJ determined that Folger suffered from the severe impairment of mild mental disability. (AR at 15.)

At step three, the ALJ found that Folger does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 18.)

Before proceeding to step four, the ALJ determined that Folger has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> The claimant requires entry level work with simple repetitive 1-2-3 step procedures. She can tolerate only occasional changes in work routines. She cannot perform work that requires detailed or complex problem-solving, independent planning or the setting of goals. She should work in an object-oriented environment with only occasional and casual contact with coworkers, supervisors, or the general public. There should be no requirement for literacy.

(AR at 19.)

At step four, the ALJ determined that Folger does not have past relevant work. (AR at 21.)

At step five, the ALJ determined that, considering the RFC described above and Folger's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Folger can perform and, thus, she is not disabled. (AR at 21.)

Folger argues that the ALJ erred in failing to find that she did not have an impairment or combination of impairments that meet or medically equal the severity of the impairment at Listing 12.05(c). At the time of the ALJ's decision, that listing required claimant to demonstrate an IQ of 60 through 70 *and* "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Folger argues that the ALJ erred in failing to find that her anxiety imposed significant work-related limitations on her.

2

Folger points to the treatment notes of her social worker at Comprehensive Care, Lee Hunt, which indicate that Folger has poor coping skills and impaired social functioning. First, a social worker is not an "acceptable medical source." See 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d); *see also Payne v. Commissioner*, 402 F. App'x 109, (6th Cir.2010) ("[S]ocial workers are not acceptable medical sources under social security regulations."). There is no "treating social worker rule," and the opinion of a social worker is not entitled to any particular weight. *See Hayes v. Commissioner*, No. 1:09–cv–1107, 2011 WL 2633945, at * 6 (W.D.Mich. June 15, 2011) (collecting cases).

Further, the ALJ did consider Hunt's assessment but along with significant other evidence in the record indicating that Folger's anxiety did not impose any limitations on her beyond those contained in the RFC: simple repetitive 1-2-3 step procedures; only occasional changes in work routines; no detailed or complex problem-solving, independent planning or setting of goals; an object-oriented environment; and only occasional and casual contact with coworkers, supervisors, and the general public.

Folger does not explain how this RFC is inconsistent with Hunt's determination that she has poor coping skills and impaired social functioning.

Moreover, the limitations in the RFC are supported by substantial evidence in the record. This evidence includes Folger's daily activities, including caring for an infant and toddler, shopping, cooking, cleaning, laundry, and computer use. The supporting evidence also includes the opinion of the consultative examiner, Dr. Gary Maryman, who determined that Folger could carry out only "fairly simple and rudimentary" tasks and should be limited to simple and repetitive work assignments and a low-stress work atmosphere. Dr. Maryman also determined

that Folger should be able to interact appropriately with fellow workers and supervisors but would not be well suited to dealing with the general public.

Folger points to no medical evidence that she has any work-related limitations more severe than those assessed in the RFC.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;

2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 20, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY